

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

07/25/2023

OS Restaurant Services, LLC
Rebecca Vadnais
Bloomin' Brands
2202 N. Westshore Blvd., 5th FL
Tampa FL 33607



**EXHIBIT**

**A**

# SERVICE OF PROCESS NOTICE

Item: 2023-686

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | OS Restaurant Services, LLC |
| 2. | **Title of Action:** | John L. Hahn, et al. vs. OS Restaurant Services, LLC, et al. |
| 3. | **Document(s) Served:** | Civil Summons<br>Complaint<br>First Interrogatories, Request for Production of Documents and Request for Admission to Defendant<br>Verification Page |
| 4. | **Court/Agency:** | Williamson County Circuit Court |
| 5. | **State Served:** | Tennessee |
| 6. | **Case Number:** | 23CV-356 |
| 7. | **Case Type:** | Damages/Injuries |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Monday 07/24/2023 |
| 10. | **Date to Client:** | Tuesday 07/25/2023 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Wednesday 08/23/2023     <u>CAUTION:</u> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Richard T. Matthews<br>Columbia, TN<br>931-381-2460 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 431 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 l www.cgsregisteredagent.com

| WILLIAMSON County | STATE OF TENNESSEE | Case Number |
|---|---|---|
| CIRCUIT COURT | CIVIL SUMMONS<br>page 1 of 1 | 23CV-356 |

| JOHN L HAHN and wife, JOYCE HAHN | Vs. | OS RESTAURANT SERVICES, LLC, |
|---|---|---|
| | | OUTBACK STEAKHOUSE OF FLORIDA, LLC, |
| **Plaintiffs** | | **Defendants** |

*Atty to srv.*

Served On: _____

**OS RESTAURANT SERVICES, LLC**  c/o Corporate Creations Network, Inc., 205 Powell Place, Brentwood, TN 37027-7522

You are hereby summoned to defend a civil action filed against you in Circuit Court, Williamson County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **July 20, 2023** _____  _Angela Bouttry /dc_  _____
Clerk / Deputy Clerk

Attorney for Plaintiff: **RICHARD T. MATTHEWS**
700 N. Main Street, Columbia, TN 38401; P: (931) 381-2460

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

_____

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.
Date: _____

_____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

_____

Date: _____  By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____*

If you have a disability & require assistance, please Call 615-790-5466

Rev. 03/11

## IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE
### AT FRANKLIN

| | | |
|---|---|---|
| JOHN L. HAHN, AND WIFE JOYCE HAHN | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No:_____ |
| VS. | ) ) | |
| OS RESTAURANT SERVICES, LLC, OUTBACK STEAKHOUSE OF FLORIDA, LLC, | ) ) ) ) | Jury Demand |
| Defendants. | ) ) | |

### COMPLAINT

1.    Plaintiffs, John L. Hahn and spouse Joyce Hahn, are adult citizens and residents of Columbia, Maury County, Tennessee.

2.    Defendant, OS Restaurant Services, LLC, is a Florida limited liability company with its principal place of business is 2202 N Westshore Blvd., Tampa, FL 33607. This Defendant may be served with service of process through its agent registered with the Tennessee Secretary of State, to wit: Corporate Creations Network, Inc., 205 Powell Place, Brentwood, TN 37027-7522.

3.    Defendant, Outback Steakhouse of Florida, LLC, is a Florida limited liability company and its principal place of business is 2202 N Westshore Blvd., Tampa, FL 33607. This Defendant may be served with service of process through its agent registered with the Tennessee Secretary of State, to wit: Corporate Creations Network, Inc., 205 Powell Place, Brentwood, TN 37027-7522.

1

4.     The Defendants collectively own, staff, manage, and/or operate a restaurant business known as Outback Steakhouse in Williamson County, Tennessee located at 8005 Moores Lane, Brentwood, Williamson County, Tennessee.

5.     On January 27, 2023, Plaintiff, John L. Hahn, was a patron at Defendants' restaurant, Outback Steakhouse, 8005 Moores Lane, Brentwood, Williamson County, Tennessee. Immediately upon entering the doorway to the restaurant, Plaintiff encountered a floor rug that was unnaturally ruffled and wrinkled near one end and not adequately secured to the floor such that it created a tripping hazard. Plaintiff, John L. Hahn, tripped on the rug and fell to the floor suffering serious injury.

6.     The condition of the rug at the Defendants' restaurant which caused Mr. Hahn's fall constituted a dangerous condition of which the Defendant knew or through reasonable diligence should have known but failed to remedy.

7.     The Defendants are guilty of the following acts or omissions constituting negligence directly and proximately causing Plaintiffs injuries and damages as set forth herein:

A.     Defendants created a dangerous or defective condition upon the premises by placing or failing to remove or correct a floor rug located in a high traffic part of the restaurant, which rug was in an unsafe condition by reason of its age, and/or condition of wear and tear, and/or state of disarray and unnatural and unsafe walkability; and

B.     Defendant knew or in the exercise of ordinary care should have known of the existence of the dangerous or defective condition of the rug, which was located directly in front of the main hostess station in the main doorway to the restaurant yet failed to correct the condition or warn patrons of the condition.

2

8.    As a direct and proximate result of the fall herein described, the Plaintiff, John L. Hahn, has sustained serious and disabling physical injury requiring extensive medical treatment and causing him to incur a substantial amount of medical and medically related expenses. In addition, as a result of the injuries, Plaintiff has suffered and will continue to suffer both mentally and physically from pain, anguish, disability and impairment to his ability to enjoy life to the extent he enjoyed prior to the fall. Plaintiff, Joyce Hahn, has suffered damages in the form of a loss of consortium deriving from the injuries and limitations sustained by her husband.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against the Defendants in such amount that will fairly and adequately compensate them for their respective harms, losses, and damages. Plaintiffs pray for such further and general relief as to which they may be entitled, including costs, and demand a jury of twelve persons to try this cause.

THE MATTHEWS FIRM PLLC

BY: _____
RICHARD T. MATTHEWS, #6680
HOLLAND MATTHEWS, #30486
Attorneys for Plaintiff
700 North Main Street
P.O. Box 1952
Columbia, TN 38402-1952
(931) 381-2460
richard@matthewsinjurylaw.com
holland@matthewsinjurylaw.com

3

# IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

JOHN L. HAHN, AND WIFE JOYCE )
HAHN )
                             )
    Plaintiffs, )
                             )     Case No:_____

VS. )
                             )

OS RESTAURANT SERVICES, LLC, )     **Jury Demand**
OUTBACK STEAKHOUSE OF )
FLORIDA, LLC, )
                             )
    Defendants. )

## FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANTS

Plaintiffs in this action propound the following Interrogatories, Requests for Production of Documents and Things and Request for Admission on the Defendants pursuant to Tenn. R. Civ. P. 26, 33, 34 and 35 to be answered fully and separately in writing under oath. The answers to these Interrogatories and Requests should be served on counsel for Plaintiffs at the offices of The Matthews Firm, PLLC, 700 North Main Street, Columbia, Tennessee 38401 within forty-five (45) days and otherwise in compliance with the Rules of Civil Procedure.

These Interrogatories and Requests for Production are to be considered continuing in nature and are to be timely supplemented as new information is received or available to Defendants in capacity as a party, which would make any earlier response or answer incomplete or inaccurate. In addition, Plaintiffs request that the Defendants seasonably supplement responses with respect to any question directly addressed to the identity and location of persons have knowledge of discoverable matters and the identity of each person

1

expected to be called as an expert witness at trial, the subject matter of the expert's testimony and the opinions held by any such expert.

Each Interrogatory and Request herein calls for all knowledge which the Defendant possesses in his/her capacity as a party to this litigation, as distinguished from the individual knowledge of the Defendant as a person. That is to say, the answers and responses herein are to include all knowledge available to the Defendant, as a party, whether it be the individual Defendant's knowledge or the knowledge of any attorney or other representative of the Defendant.

If an objection is made to any Interrogatory or Request, you must set forth in your response the reasons and basis for the objection. You may not give lack of information as a reason for a failure to answer or objection.

**Objections based on Privilege or Trial Preparation Materials.** If you object to any Interrogatory or Request and withhold information by claiming that such information is privileged or subject to protection as trial preparation materials, pursuant to Tenn. R. Civ. P. 26.02, you must: (i) expressly make the claim in your response; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in manner that will enable the Plaintiffs and the Court to assess whether the objection and claim is justified. For all documents withheld based on privilege and/or work product, you should serve, along with your responses, a privilege log setting forth the information required for each such document or thing.

2

# DEFINITIONS

*You or your.* The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

*Person.* The term "person" is defined as any natural person or business, legal or governmental entity or association.

*Identify or identity (with respect to persons).* When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

*Identify (with respect to documents).* When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

*Document or Documents.* The term "document" or "documents" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

3

## INTERROGATORIES & REQUESTS

1. For each person whom you expect to call as an expert witness at trial, state the following:

    (a) complete name, address and telephone number;

    (b) subject matter of testimony;

    (c) substance of facts and opinions to which expert is expected to testify;

    (d) grounds for each opinion;

    (e) general educational and vocational background.

    ANS:

2. Identify all persons including any employees or former employees of the Defendant having personal knowledge of Plaintiff's fall, the nature and extent of Plaintiff's injury, or the condition of the rug referenced in the Complaint, and with respect to each such person provide the following information:

    a. Name, address, telephone number;

    b. Current position of employment;

    c. Whether and when any agent of the Defendant or counsel of the Defendant interviewed or talked with such persons;

    d. The identity of all persons present during the interview;

    e. Whether the interview was recorded in any way;

    f. Whether any written statement was obtained;

    g. The identity of the person having possession of any such document or statement;

    h. Nature and character of information known by each such person.

    ANS:

4

3. Identify all employees, agents or independent contractors of the Defendant who were acting as host or hostess and/or otherwise stationed at or near the front entrance at or near the time of Plaintiff's fall and identify their respective duties and responsibilities at the time.

ANS:

4. Produce for inspection and copying all photographs, including video, and diagrams depicting the area of Plaintiff's fall. This should include all video data recorded by any and all security cameras that were in operation in the restaurant at or near the time of the incident.

ANS:

5. Produce for copying and inspection, each and every employee training or instruction manual pertaining to premises maintenance and service to the patrons.

ANS:

6. Identify by name, address, telephone number and title or position of employment if applicable, the following:

a. The person or persons responsible for the placement and maintenance of the rug described in the Complaint; and

b. Any and all persons who witnessed Plaintiff's fall, injury, or condition of the subject rug at or near the time of Plaintiff's fall.

ANS:

5

7. With respect to any person or entity you claim to be guilty of any degree of fault contributing to the incident described in the Complaint, state the following:

      a. Identity of each person or entity;

      b. The full nature and extent of the acts or omissions constituting fault;

      c. Produce for inspection and copying any document or documents substantiating, or upon which you base your assertion of fault with respect to each person or entity identified above.

      d. Identify each person or entity having knowledge of the facts described in sub item "b".

ANS:


8. Produce for inspection and copying and state the entire content of any statement taken of or made by the Plaintiff or any witness concerning any of the matters referred to in the Complaint.

ANS:


9. Identify any and all contractors employed by Defendants to provide and/or maintain the rug referenced in the Complaint.

ANS:


10. Produce for copying and inspection all contracts and/or agreements with any contractor or third party that references the provision and/or maintenance of the rug referenced in the Complaint.

ANS:

6

11. Produce for copying and inspection all written or recorded reports made by any of the Defendants' employees that contains information obtained by the Defendants' employees regarding the Plaintiff's fall and/or the condition of the premises at the time of the fall, and any witnesses or persons with knowledge of same. (e.g. 'incident or accident report')

ANS:

## **_REQUEST FOR ADMISSION:_**

10. Admit that the rug described in the Complaint was placed in the foyer of Outback Steakhouse, 8005 Moores Lane, Brentwood, TN by Defendant or their authorized agent and was under the exclusive control of Defendants' employees at all times prior to Plaintiff's injury.

ANS

7

## VERIFICATION PAGE

STATE OF _____

COUNTY OF _____

    I, _____, after being duly sworn, do hereby make oath that I have read the foregoing Answers to Interrogatories, Request for Production and Request for Admission and the answers and responses are true and correct to the best of my knowledge and belief.

_____

Sworn To and Subscribed before me
This the _____ day of ˌ 20_____.

_____
                  NOTARY PUBLIC

My Commission Expires: _____

8

Respectfully submitted,

THE MATTHEWS FIRM, PLLC

BY: _____
RICHARD T. MATTHEWS, #6680
R. HOLLAND MATTHEWS, #30486
Attorneys for Plaintiff
700 North Main Street
P.O. Box 1952
Columbia, TN 38402-1952
P: (931) 381-2460
F: (931) 381-1071

## CERTIFICATE

I, Richard Matthews, attorney for Plaintiff, hereby certify that I have served a copy of the foregoing Interrogatories, Requests for Production and Request for Admission upon the Defendants by placing a copy of same with the Complaint in the above cause to be served with same.

_____
RICHARD T. MATTHEWS

9

JUL 2 4 2023